FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2012 AUG 23 AM 10: 55

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

TOMMI TSCHANTRE,
f/k/a TOMMI HAYNES,

    Plaintiff,

vs.

WINN-DIXIE STORES, INC.,
and BI-LO, LLC,

    Defendants.
_____/

Case No. 5:12-cv-469-OC-99MMH/PRL

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1367, 1441 and 1446, Defendants, WINN-DIXIE STORES, INC. and BI-LO, LLC (collectively, "Defendants"), file this notice in order to remove this action from the Fifth Judicial Circuit in and for Lake County, Florida, to the United States District Court for the Middle District of Florida, Ocala Division. The grounds for removal are as follows:

1. Plaintiff, Tommi Tschantre ("Plaintiff"), filed a lawsuit against Defendants in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida, styled *Tommi Tschantre f/k/a Tommi Haynes v. Winn-Dixie Stores, Inc., and BI-LO, L.L.C.*, Case No. 12-CA-1960. Defendants' first notice of the lawsuit occurred at the time it was served on Winn Dixie on August 3, 2012.

2. In the Complaint, Plaintiff alleges violations of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. 2611 *et seq.* (as amended), and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, as

amended. Plaintiff also asserts supplemental state law claims pursuant to (a) the Florida Domestic Violence Leave Act, Fla. Stat. § 741.313, (b) the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq.*, and (c) the Florida Whistleblower Act, Fla. Stat. § 448.101 *et seq.*

3. Based on Plaintiff's claims made pursuant to Title VII and the FMLA, federal question jurisdiction exists permitting removal of this action to this Court pursuant to 28 U.S.C. §1441(a). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in the United States District Court for the Middle District of Florida, Ocala Division, pursuant to 28 U.S.C. §§ 1391(b) and 1446(a).

5. The Complaint and Summons were served on Defendant Winn-Dixie's registered agent on August 3, 2012. Because Winn-Dixie and Bi-Lo share a common legal department, Defendant Bi-Lo also received notice of the lawsuit on August 3, 2012. This Notice of Removal is being filed on August 23, 2012, within thirty (30) days of the first receipt of the Complaint and Summons by Defendants. Therefore, this Notice of Removal is timely and proper. *See* 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendants, and all papers now on file in the Fifth Judicial Circuit Court are attached hereto as Composite Exhibit A.

7. A copy of this Notice of Removal is being served upon Plaintiff by service on her counsel of record. A copy of this Notice of Removal is also being filed with the Clerk of the Circuit Court for the Fifth Judicial Circuit in and for Lake County, Florida.

WHEREFORE, Defendants request that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1441(a).

---

David S. Shankman
FBN: 0940186
dshankman@shankmanleone.com
Stefan R. Carpenter
FBN: 0071603
scarpenter@shankmanleone.com
SHANKMAN LEONE, P.A.
609 East Jackson Street, Suite 100
Tampa, Florida 33602
Phone: (813) 223-1099; Fax: (813) 223-1055
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to: Travis R. Hollifield, Esq., Hollifield Legal Centre, 147 E. Lyman Avenue, Suite C, Winter Park, Florida 32789, by regular U.S. Mail this 22nd day of August, 2012.

---

Attorney